## NEGLIGENCE AT A FOOTWAY OVER RAILWAY TRACKS.

Circuit Court of Montgomery County.

LENA LEAR, ADMINISTRATRIX, V. C., H. & D. RY. CO. *

*Negligence—License to Use Footway across Railroad Tracks—Child Run Over at such a Crossing—Questions for the Jury—Verdict for Defendant in Negligence Case—Improperly Directed, When.*

1. Permission to construct and maintain a footway across railroad tracks, or long use of such a crossing, implies a license to pedestrians to cross at that point, and the rights of persons using such footway are not to be determined by rules applicable to mere trespassers; and where a child nine years of age is struck by a train at such a crossing, it is a question for the jury whether he could have avoided injury by a proper use of his faculties.

2. Where the undisputed facts do not show negligence on the part of the plaintiff contributing to the injury, and there is evidence tending to show negligence on the part of the defendant, it is error to direct a verdict for the defendant.

The amended petition alleges that the defendant's railroad extends through a thickly inhabited section of the city of Dayton, a portion thereof extending from Washington street to Homestead avenue; that the portion of the railroad lying between said streets as aforesaid had been used by the public, including children, in general as a passageway for foot passengers from and between said streets, with defendant's knowledge, consent and acquiescence for some time previous to the injury complained of; that deceased, a child nine years of age, while walking along the railroad track between the streets aforesaid was negligently run over and killed.

---

* Affirmed by the Supreme Court without report (60 Ohio State, 602).

SHEARER, J.; SUMMERS, J., and WILSON, J., concur.

The judgment herein must be reversed for error in withdrawing the case from the jury and giving judgment for defendant.

There is evidence tending to show negligence on the part of the company in failing to stop the train; a conflict as to the distance within which it could have been stopped, etc.

There is also evidence on the question of the negligence of the decedent which should have been submitted to the jury, whether by the use of his faculties under all the circumstances he could have avoided the injury.

The decedent does not seem to have been a trespasser. Long use of the crossing and the permission to some one to construct and maintain a footway across the track or construction and maintenance of the same by the company itself (which does not appear) implies a license to foot passengers to cross the track at that point. The right of the parties are, therefore, not to be determined by the same rule which would apply in case the deceased was a mere trespasser. Whether he was a trespasser was a question that should have been submitted to the jury.

The undisputed facts do not show negligence of the deceased contributing to the injury, and there is evidence tending to show negligence of the company.

Reversed and new trial granted.